**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

YOUNGSOFT, INC, et al.,

        Plaintiffs,

v.

                                                Case No. 20-12800

THE SKYLIFE COMPANY, INC.,

        Defendant.
_____/

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT, DIRECTING DEFENDANT TO SHOW CAUSE WHY A DEFAULT SHOULD NOT BE ENTERED AGAINST IT, AND EXTENDING THE DISPOSITIVE MOTION CUT-OFF**

        Phillip A. Schaedler filed a "Motion to Withdraw as Counsel for Defendant" citing a breakdown in the attorney client relationship. (ECF No. 30.) On August 10, 2021, the court held a hearing on the motion. Defendant's representative, Anais Klopping, appeared at the hearing and consented to Schaedler's withdrawal, indicating that she was diligently working to find new counsel. The court also advised the corporate representative that a corporation cannot represent itself, so failure to expediently retain counsel would result in the Defendant having to proceed unrepresented. Mr. Schaedler expressed a willingness to help Defendant complete some discovery matters in the interim and work to transition the case to a new counsel of record. The court preliminarily granted Schaedler's motion to withdraw in a written August 13, 2021 order (ECF No. 35) but indicated that his withdraw would be "effective on the appearance of substitute counsel." The order also stayed to the case until September 1, 2021 to give Defendant time to retain substitute counsel.

On September 7, 2021, the court held an on-the-record telephonic status conference that included both Schaedler and corporate representative Klopping. During the conference, Schaedler indicated that Defendant had been unsuccessful in retaining substitute counsel to date but that it was still actively working to find a new attorney. The court opted to continue the status conference for an additional fifteen days and reset the dispositive motion deadline in order to give Defendant a final opportunity to retain suitable counsel. The court again advised the corporate representative that Defendant, as a matter of law, would not be able to proceed unrepresented in the present matter.

The court held a follow-up on-the-record telephonic status conference on September 22, 2021. Schaedler indicated that Defendant still had not retained substitute counsel. Schaedler stated he would again emphasize to Defendant's corporate representative the consequences for a corporation proceeding unrepresented. The court indicated that since the Defendant had failed to secure substitute counsel during the previous two extensions that it would now formalize attorney Schaedler's withdraw from the case. The court stated it would enter a written order requiring Defendant to show cause, through counsel, why it should not now be considered in default. Following the September 22 status conference, no new attorney has filed an appearance in the case so the court will now enter such an order.

As the Supreme Court has observed, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel." *Rowland v. Cal. Men's Colonly, Unit II Men's Advisory Coun.*, 506 U.S. 194, 202 (1993); *see also Palazzo v Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can only act

2

through agents, cannot appear pro se, and must be represented by counsel."); *accord United States v. 9.19 Acres of Land, More or Less, in Marquette Cty.*, 416 F.2d 1244, 1245 (6th Cir. 1969).

Courts have ruled that a corporation's failure to retain new counsel after the withdrawal of its initial counsel is a valid basis for a court to enter a default and a default judgment against the corporation, notwithstanding that it (through counsel) had previously filed an answer to the complaint. *See, e.g., Barnett v. AS & I, LLC*, No. 3:13-cv-2464-BN, 2014 WL 1641905, at *1-2 (N.D. Tex. Apr. 24, 2014) (pursuant to Federal Rule of Civil Procedure 55(a), default entered against limited liability corporation where its attorney withdrew and it failed to retain new counsel after being ordered by court to do so); *Christa Constr., LLC v. Connelly Drywall, LLC*, 879 F. Supp. 2d 389, 391 (W.D.N.Y. 2012) (corporation's "refusal to comply with a court order mandating it to appear by counsel, notwithstanding its filing of answer by counsel who subsequently withdrew, constitutes a default for failure to 'otherwise defend'" under Rule 55; default judgment entered against corporate defendant); *Next Proteins, Inc. v. Distinct Beverages, Inc.*, No. 09-cv-4534, 2012 WL 314871, at *1-2 (E.D.N.Y. Feb. 1, 2012) (default judgment as to liability entered pursuant to Rule 55(a) against corporation that failed to retain new counsel after initial counsel withdrew); *Galtieri-Carlson v. Victoria M. Morton Enter., Inc.*, No. 2:08-cv-01777 FCD KJN PS, 2010 WL 3386473, at *2-3 (E.D. Cal. Aug. 26, 2010) (default judgment entered as sanction pursuant to court's inherent power against corporate defendants that failed to comply with court's order to retain new counsel after their initial counsel had withdrawn).

Since the court is allowing attorney Schaedler to formally withdraw as Defendant's legal representative, the now court directs Defendant to show cause, through counsel, within fourteen days as to why it's repeated failure to retain new counsel should not result in a clerk's entry of a default—and ultimately a default judgment if Plaintiff so desires[1]—being entered against it. Accordingly,

IT IS ORDERED that the withdrawal of Phillip A. Schaedler, as the attorney of record for Defendant The Skylife Company, Inc. is hereby approved.

IT IS ORDERED that

>  (1) Defendant is to show cause by **October 26, 2021,** why the court should not find it in default for failure to retain corporate counsel;
>
>  (2) if no response is filed by Defendant before **October 26, 2021**, the Clerk of the Court is DIRECTED to enter a default against Defendant The Skylife Company, Inc., pursuant to Rule 55(a), for failure to "otherwise defend" this action.

IT IS FURTHER ORDERED that the dispositive Motion Cutoff is RESET to **November 2, 2021**.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 12, 2021

---

[1] If Defendant fails to respond by October 26, 2021, the court will entertain a motion for entry of default judgment by Plaintiff that provides an accounting of any damages requested.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 12, 2021, by electronic and/or ordinary mail.

<u>s/Lisa Wagner                              /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\20-12800.YOUNGSOFT.EntryOfDefault.AAB.RHC.docx

5