## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

YOUNGSOFT, INC, et al.,

        Plaintiffs,

v.

                                            Case No. 20-12800

THE SKYLIFE COMPANY, INC.,

        Defendant.

_____/

## ORDER COMPELLING DEPOSITION, REQUIRING PARTIES TO MEET AND CONFER IN PERSON, AND REPORT

Plaintiffs presents a motion for sanctions (ECF No. 42), arguing that Defendant has again failed to comply with discovery obligations, more specifically this court's recent order compelling responses, (ECF No. 40). The court is concerned about what appears to be Defendant's continuing non-responsiveness, but finds that the factual circumstances at issue require Plaintiffs to make a more substantial attempt at conferring, as required by Local Rule 7.1, before the court will find it appropriate to adjudicate the instant motion.

Discovery in this case has been delayed since at least August 2021 by Defendant's halting attempts at retaining new counsel. The court recently laid out a detailed history of previous delays caused by Defendant and there is no need to fully restate that history here. (*See* ECF No. 36, PageID.249-50.) On October 25, 2021, Defendant (finally) retained new counsel. After holding a telephonic conference on October 28, 2021, the court granted as unopposed Plaintiffs' "Motion to Compel

Discovery Responses" (*see* ECF No 40), which essentially required Defendant to act quickly and to expediently complete all of Plaintiffs' unfulfilled discovery requests by November 11, 2021. On November 18, 2021, Plaintiffs filed this motion for sanctions, arguing that Defendant violated this court's order in not responding fully to discovery requests and in failing to produce Jeff Potter, CEO of Skylife, for a deposition. (ECF No. 42.)

Plaintiffs' motion includes only a bare recitation indicating that "[p]ursuant to Local Rule 7.1, counsel for Plaintiffs conferred with counsel for Defendant regarding this Motion" and that "Defendant does not concur to the relief sought by this Motion." (*Id.*, PageID.280.) Discovery is a collaborative process, but Plaintiffs' briefing provides no examples of meaningful attempts at conferring with new counsel before the present motion was filed. And Defendant's responsive briefing also indicates that there was a lack of meaningful consultation. (*See* ECF No. 44, PageID.362 ("In fact, immediately after [Defense counsel] entered his appearance in the matter he sent a request to Plaintiffs' counsel to provide days and times to confer on the case. No response was ever provided.").)

Given that Defense counsel filed his appearance in this matter less than thirty days before the present motion for sanctions was filed, the court finds that one *final* attempt at reaching a resolution on the outstanding discovery disputes is warranted before the court moves to adjudicate the motion. To that end, the court will require that counsel for the parties meet in person within the next ten days to confer on outstanding discovery issues.

The court will then hold an on-the-record telephonic conference call on January 11, 2021, where the court will inquire about specific efforts of the parties to confer on each outstanding discovery deficiency highlighted in Plaintiffs' motion for sanction. The court's patience in this matter is wearing thin, no extension of this conference date will be granted (other than such reorganization as the court's case manager may allow, *e.g.*, agreement of the parties on a different time of day), and the court expects that Defendant's counsel will be prepared to discuss, in detail, its attempts at complying with the court's order compelling discovery. In the absence of evidence demonstrating substantial compliance, the court is inclined to grant Plaintiffs' request for sanctions. Defendant's continued failure to comply with this court's order risks severe sanctions, including the possibility of a default judgment being entered against Defendant.

Furthermore, Plaintiff's briefing indicates that Defendant has failed to make Jeff Potter, Skylife's CEO and a key figure in the present litigation, available for a full day of deposition testimony as required by Federal Rule of Civil Procedure 30. While Defendant contends that Plaintiffs previously did not properly notice Potter's deposition, the court expects that a full deposition will be completed within the next ten days. Accordingly,

IT IS ORDERED that counsel for the parties meet and confer in person and in good faith on all remaining discovery deficiencies within **ten days** of this order's issuance, and the parties shall be prepared to report the results of that meeting at a **Zoom status conference on January 11, 2022 at 4:00 PM EST. ( Zoom Invite to be emailed to counsel.)**

IT IS FURTHER ORDERED that a deposition of Jeff Potter occur within **ten days** of the issuance of this order. Plaintiffs shall propose two dates within the next ten days for Potter's deposition, and Defendant shall make Potter available on one of those two dates to be deposed.

                                                    s/Robert H. Cleland              /  
                                                    ROBERT H. CLELAND  
                                                    UNITED STATES DISTRICT JUDGE

Dated:  December 14, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 14, 2021, by electronic and/or ordinary mail.

                                                    s/Lisa Wagner                 /  
                                                    Case Manager and Deputy Clerk  
                                                    (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\20-12800.YOUNGSOFT.Meet.Confer.AAB.RHC.docx