UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

YOUNGSOFT, INC, et al.,

        Plaintiffs,

v.

                                                 Case No. 20-12800

THE SKYLIFE COMPANY, INC.,

        Defendant.
_____/

**OPINION AND ORDER IMPOSING SANCTIONS IN FORM OF JUDGMENT**

      Plaintiffs Youngsoft, Inc. and Youngtronics, LLC brought this action against Defendant, The Skylife Company, Inc., alleging breach of contract among other claims. In its most recent order, the court outlined Defendant's repeated failures to cooperate in discovery. (ECF No. 49.) For example, Defendant has deliberately breached its obligation to produce documents pursuant to the court's directives, and Defendant's CEO, Jeffrey Potter, has expressly refused to attend his court ordered deposition. (*See id.*, PageID.452-455.) Defendant's pattern of noncompliance continued despite clear and repeated warnings that its conduct could warrant case dispositive sanctions. (*Id.*, PageID.453-54.) Consequently, on January 20, 2022, the court issued an order directing Defendant to "show cause in writing . . . why the Court should not enter sanctions against Defendant, including the entry of a default judgment against Defendant and an award of the fees and costs of the Plaintiffs incurred in pursuing discovery and related motion practice." (*Id.*, PageID.456.)

Defendant filed a response to the court's show cause order. (ECF No. 50.) However, Defendant does not challenge the court's finding of Defendant's deliberate noncompliance and refusal to comply with discovery orders. At no point does Defendant address or contest the propriety of default judgment or monetary sanctions against it, and therefore it has failed to provide any reason for the court to stray from its intended course of entering a default judgment and awarding fees. Instead, Defendant argues only that the court should not impose sanctions against Mr. Potter as an individual. Defendant contends that Mr. Potter is merely an officer of the party, he was never individually warned that sanctions could be imposed against him, and the court should refrain from punishing Mr. Potter for Defendant's other discovery failures for which he was not necessarily responsible. (*Id.*, PageID.460-61.)

The court agrees with Defendant and will not impose monetary sanctions on Mr. Potter individually. While Mr. Potter's failure to appear at his deposition plays a significant role in the court's finding that a default judgment is warranted, the bulk of the numerous discovery abuses can be attributed only to Defendant as the named party in this case. Moreover, all warnings regarding potential sanctions were directed specifically toward Defendant, not Mr. Potter.

In summary, for the reasons more fully set forth in the court's "Order to Show Cause Why Sanctions Should Not Be Entered Against Defendant" (ECF No. 49), the court will enter a default judgment against Defendant and will order Defendant to pay the reasonable fees and costs incurred in pursuing discovery and related motions.[1]

---

[1] The court acknowledges Defendant's "Notice of the Appointment of a Receiver." (ECF No. 51.) The court is aware of no authority that limits its ability to enter judgment in the wake of a state court's appointment of a receiver.

Defendant has failed to advance any arguments disputing the court's finding that such a disposition is warranted. Accordingly,

IT IS ORDERED that a default judgment is granted for Plaintiffs and against Defendant. Judgment will issue upon a calculation of damages.

IT IS FURTHER ORDERED that Plaintiffs are DIRECTED to file a calculation of damages **by March 14, 2022**. Defendant may file a response to Plaintiff's calculations **by March 28, 2022**. A hearing will be scheduled as needed.

IT IS FURTHER ORDERED that Plaintiffs are DIRECTED to file a bill of costs **by March 14, 2022**, accounting for its reasonable expenses incurred in pursuing discovery and related motions against Defendant. Defendant may file a response to Plaintiff's calculations of cost **by March 28, 2022.**

                    s/Robert H. Cleland
                    ROBERT H. CLELAND
                    UNITED STATES DISTRICT JUDGE

Dated:  February 28, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 28, 2022, by electronic and/or ordinary mail.

                    s/Lisa G. Wagner
                    Case Manager and Deputy Clerk
                    (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-12800.YOUNGSOFT.EnteringDefaultJudgment.MAZ.RHC.docx